UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------ x
PABLO CALDERON,                                              :
                                                             :          MEMORANDUM &
                                Petitioner,                  :          ORDER DISMISSING
                                                             :          THE AMENDED
        -against-                                            :          PETITION FOR WRIT
                                                             :          OF HABEAS CORPUS
U.S. PROBATION OFFICE,                                       :
                                                             :          3:24-CV-1595 (VDO)
                                Respondent.                  :
------------------------------------------------------------ x
```

**VERNON D. OLIVER**, United States District Judge:

Petitioner Pablo Calderon is a federally sentenced inmate currently serving the probationary portion of his sentence. Although initially filing this action pursuant to 28 U.S.C. § 2241, he now has filed an "AMENDED PETITION FOR A WRIT OF *HABEAS CORPUS* PURSUANT TO 28 U.S.C. § 2241 OR, ALTERNATIVELY, FOR A FIRST MOTION PURSUANT TO 28 U.S.C. § 2255" challenging his conviction. (*See* Am. Pet, ECF No. 10-1, at 1.) For the following reasons, the petition is **dismissed**.

**I.    BACKGROUND**

On June 13, 2017, Petitioner was sentenced in the United States District Court for the District of Connecticut to a five-month term of imprisonment followed by a three-year term of supervised release for wire fraud in violation of 18 U.S.C. § 1343 and conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349. *See United States v. Lillemoe*, No. 3:15-CR-00025 (JCH), (D. Conn.), ECF No. 488. Petitioner has served his period of imprisonment, and his period of supervised release ended on October 21, 2024. (Am. Pet. at 7.) In 2019, the United States Court of Appeals for the Second Circuit affirmed the judgment of conviction and reversed the restitution orders. *See United States v. Calderon*, 944 F.3d 72, 97 (2d Cir. 2019).

On May 21, 2021, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the criminal case. A separate civil case was opened to deal with the § 2255 motion on May 25, 2021. *See Calderon v. U.S.A.*, No. 3:21-CV-724 (JCH), (D. Conn.). The Court, Hall, U.S.D.J., denied the motion on June 27, 2022 and denied a certificate of appealability. The United States Court of Appeals for the Second Circuit dismissed Petitioner's notice of appeal. *Calderon v. United States*, No. 22-1427, 2022 WL 19571491, at *1 (2d Cir. Nov. 20, 2022).

## II.  LEGAL STANDARD

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A petition filed pursuant to § 2241 may be used to challenge the execution of a prison sentence. Thus, § 2241 petitions are appropriately used to challenge conditions of confinement, sentence calculations, administration of parole, prison disciplinary actions, and prison transfers. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).

Section 2255 is the proper vehicle to challenge a federal conviction and sentence when a petitioner claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

## III.  DISCUSSION

Petitioner asks the Court to consider this petition as a first motion under § 2255. (Am. Pet. at 6.) He concedes that he already has filed a § 2255 motion but argues that the Court can consider this a first motion because the prior § 2255 motion was not considered on the merits.

(*Id.* at 10.) Petitioner cites *United States v. Muniz*, 236 F.3d 122 (2d Cir. 2001), as support. In *Muniz*, the Second Circuit concluded that the district court had improperly dismissed the prior § 2255 motion as untimely filed. *Id.* at 127. Here, however, the court did not dismiss Petitioner's § 2255 motion on procedural grounds; it denied the motion after considering and rejecting his claims on the merits. *See Calderon v. U.S.A.*, No. 3:21-CV-724 (JCH), (D. Conn.), ECF No. 17. Thus, the Court will not consider this petition as a first § 2255.

The district court can entertain a second or successive § 2255 motion only if the motion is first certified by the Court of Appeals, to be based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Petitioner does not submit evidence that his petition has been certified and, by asking the Court to consider his petition as a first § 2255 motion, appears to ignore this requirement deliberately. As his argument is not based on newly discovered evidence or a new rule of constitutional law, the Court will not transfer the amended petition to the Second Circuit for certification.

Petitioner contends that both the district court and court of appeals "systematically refused to apply the statutory law that governs the undertakings of this case, thereby denying Petitioner's constitutional rights to due process and equal protection." (Am. Pet. at 7.) Petitioner states that he raised this argument on appeal and in his § 2255 motion and states that the arguments were not presented earlier because counsel was ineffective. (*Id.* at 10.)

Petitioner seeks to invoke the exception in § 2255 which permits the filing of a § 2241 petition when § 2255 is an inadequate or ineffective remedy to test the legality of a federal prisoner's confinement. Section 2255(e) provides:

3

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

However, the Second Circuit has held that § 2255 is not rendered inadequate or ineffective to support the filing of a § 2241 petition simply because the petitioner cannot satisfy the requirements for filing a second or successive § 2255 motion if the claim the petitioner now seeks to raise was previously available on direct appeal or in a prior § 2255 motion. *Jiminian*, 245 F.3d at 147–48 (collecting cases).

Petitioner argues that his § 2255 motion was inadequate and ineffective because the court did not address his arguments as he wanted. As both he and the district court acknowledged, Petitioner did raise those arguments on direct appeal and in his § 2255 motion. Thus, he does not qualify for the exception that would permit him to file a § 2241 petition to challenge his conviction.

## IV.   CONCLUSION

The amended petition for writ of habeas corpus (ECF No.10) is **DISMISSED.** Any appeal from this judgment would not be taken in good faith. Petitioner's motion to hold in abeyance (ECF No. 11) is **DENIED as moot**.

                              **SO ORDERED.**


Hartford, Connecticut
November 12, 2024

                              /s/ Vernon D. Oliver
                              VERNON D. OLIVER
                              United States District Judge

4